RECEIVED
IN LAKE CHARLES, LA

AUG 2 6 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00024 |
| VS. | : | JUDGE MINALDI |
| RAUL A. MENDOZA-MENDOZA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. (Rec. Doc. 38) The Government filed an answer. (Rec. Doc. 41). The defendant filed a Reply. (Rec. Doc. 42).

PROCEDURAL HISTORY[1]

On February 11, 2009, a federal grand jury returned a one-count indictment against the defendant, Raul Mendoza-Mendoza ("Mendoza"), charging him with reentry of a removed alien, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). (Vol. 1). The court issued an order appointing an interpreter for the defendant on February 26, 2009. (Rec. Doc. 7). On March 26, 2009, pursuant to a written plea agreement, the defendant pleaded guilty as charged. (Rec. Docs. 15-16). The transcript of the guilty plea indicates that an interpreter was present during the guilty plea and plea colloquy.

On July 2, 2009, the defendant was sentenced to 120 months imprisonment. He was sentenced to supervised release for three years following release from imprisoment. (Rec. Doc. 17). The transcript of the sentencing demonstrates that an interpreter was present for the sentencing.

---

[1] As summarized by the Government.

The docket sheet for the United States Court of Appeals for the Fifth Circuit (09-30647) provides that the attorney, who had been appointed to represent the defendant, filed an *Anders* brief pursuant to which the attorney claimed that there was no issue to raise on appeal and asserted that the defendant's sentence was not illegal or unreasonable.[2] The defendant, in turn, filed a letter to the Fifth Circuit on January 25, 2010, in which he alleged that his attorney had been ineffective. He further argued that his sentence was high in comparison to other sentences.[3]

On May 18, 2010, the Federal Public Defender filed a supplemental *Anders* brief to address the issue of whether the district court plainly erred in applying the 16-level enhancement for a prior conviction pursuant to U.S.S.G. § 2L1.2. The Federal Public Defender delineated the stipulated factual basis for the guilty plea and other relevant facts and noted that under the controlling precedent of the Fifth Circuit, the district court did not plainly err in applying the 16-level enhancement for a prior conviction pursuant to U.S.S.G. § 2L1.2. Counsel requested, as she had in the original brief, that its motion to withdraw be granted.

On May 20, 2010, the defendant was, again, given the opportunity by the Fifth Circuit to respond to the attorney's briefs. The defendant did not respond.[4] The United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous. The Court found, "Our independent review of the record, counsel's brief, and Mendoza's response discloses no non-frivolous issue for appeal." The Fifth Circuit also found that the record was not sufficiently developed for the Court to consider the ineffective assistance of counsel claim. The judgment was entered into the district court on

---

[2] Government Ex. A

[3] Government Ex. B.

[4] Government Ex. D.

December 20, 2010. The decision was issued by the Fifth Circuit on October 13, 2010. (Rec. Doc. 36).

## FACTS

The stipulated factual basis for the guilty plea filed into the record at the time of the guilty plea, as well as the comments by the Court at the time of the guilty plea, indicate that on November 30, 2008, the defendant was a passenger in a vehicle stopped by the police in Sulphur, Louisiana. In 2001, the defendant, is a citizen of Mexico, had been convicted and sentenced in Richmond, Texas on a charge of aggravated assault with a deadly weapon, which is considered an aggravated felony.

In 2003, pursuant to an administrative removal, he was removed from the United States, but illegally reentered on or about January 4, 2004. (GP, p. 12). The defendant did not receive permission from the Attorney General of the United States or the Secretary of Homeland Security for readmission into the United States since the time of his previous deportation or removal. (Rec. Doc. 62).

## LAW

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual

prejudice' resulting from the error." *Shaid,* 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Espinoza has not asserted actual innocence.

The defendant raises three arguments:

1) His attorney was ineffective;
2) International treaty violations; and
3) Prosecutorial Misconduct.

To establish ineffective assistance of counsel *Strickland v. Washington,* 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart,* 106 S.Ct. 366 (1985); *Theriot v. Whitley,* 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v.*

*Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

The second ground alleged is a violation of an international treaty. The defendant alleges that he is a citizen of Mexico, who was arrested at the border of Mexico and the United States. He further alleges that he was merely visiting relatives, intending a short visit, not a reentry. The facts in the defendant's motion are unclear as to whether he is alleging that his relatives lived in Brownsville, or whether he was arrested in Brownsville. In either case, this argument is spurious as the defendant was arrested in Sulphur, Louisiana, far from Brownsville, Texas.

The defendant also claims that the Mexican consulate should have been contacted when he was arrested. This type of issue should have been raised on appeal. The defendant had ample opportunity to raise this issue on his own. As indicated above, on appeal the defendant's attorney filed an Anders brief, and the defendant had two opportunities to file a response. This issue, therefore, cannot be currently addressed. Moreover, the Fifth Circuit has held that Article 36 of the

5

Vienna Convention does not create "individually-enforceable rights" and the Vienna Convention does not provide any type of remedy. *Rocha v. Thaler*, 619 F.3d 387, 407-408 (5th Cir. 2010). Thus, even if timely raised, this claim, whether meritorious or not, would not entitle the defendant to any relief.

The defendant alleges "prosecutorial misconduct of an indigent defendant by federal defense counsel."[5] He alleges that he was forced to sign documents that were not in his native language and that he did not understand. However, the record establishes that a translator was present at every phase of the proceedings. Although, as noted by the Government, the claim of prosecutorial misconduct has a constitutional dimension, the defendant has failed to establish the requisite cause and prejudice or miscarriage of justice. *United States v. Alanis*, 88 F.App'x 15 (5th Cir. 2004) (since defendant filing a § 2255 failed to raise prosecutorial misconduct at trial or direct appeal, he must show both cause and prejudice for procedural default).

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 26 day of August, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] Page 8 of the §2255 motion.